## GRECO v. LORENTZEN, Director of Shipping, etc., et al.

### No. 122.

Circuit Court of Appeals, Second Circuit.

Dec. 1, 1943.

Haight, Griffin, Deming & Gardner, of New York City (Edgar R. Kraetzer and J. Ward O'Neill, both of New York City, of counsel), for defendant-appellant Oivind Lorentzen, Director of Shipping and Curator for the Royal Norwegian Government.

Abraham M. Fisch, of New York City, for plaintiff-appellee-appellant Antonetta Greco, administratrix of Frank Greco's Estate.

Duncan & Mount, of New York City (Frank A. Bull, of New York City, of counsel), for defendant-appellee Bethlehem Steel Co.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

The plaintiff, as administratrix of the estate of her deceased husband, a longshoreman, who came to his death as the result of falling through a hatch while acting as a stevedore on the Steamship Ada, recovered a judgment for $19,754.34 against her owner and operator, Lorentzen, Director of Shipping and Curator for the Royal Norwegian Government, from which Lorentzen has appealed. There was evidence from which the jury might find that

while the decedent was walking on the hatch covers of the Ada's No. 1 hatch, two of the covers became out of position and fell with the decedent into the hold of the ship. The covers in question did not fit in the hatch in which they had been placed because they were too long. The questions as to whether Lorentzen had seen that covers, which would not get out of position when a person stepped upon them, were placed on the hatch, and whether there had been proper inspection in order to discover the defect, during the two days which intervened between the completion of the repairs by the Bethlehem Steel Company and the occurrence of the accident, were matters for the jury. The same thing is true as to the alleged contributory negligence of the decedent.

It is argued by the plaintiff, who appeals from a dismissal of the complaint against the Bethlehm Steel Company in the event that the judgment against Lorentzen is reversed, that after the boards of the hatch had been removed for the purpose of allowing workmen of the Bethlehem Steel Company to enter the hatch, these workmen replaced the boards improperly and should themselves have discovered the defect. But the evidence that they did replace these particular boards was tenuous, and we are not disposed to differ with the refusal of the trial judge to submit the matter to the jury since the plaintiff expressly states in her brief that she does not desire a reversal of the judgment as to the Bethlehem Steel Company unless the judgment againt Lorentzen should be reversed. Under the circumstances, we hold that the judgment in favor of the Bethlehem Steel Company should stand, and that against Lorentzen should be affirmed.

Judgment affirmed.